UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:

SYLVITE SOUTHEAST, LTD.             Case No.  8:11-bk-22154-CED

    Debtor.
_____/

URALKALI TRADING, S.A., a foreign
entity,

    Plaintiff,

vs.             Adv. Pro. No.8:12-ap-00319-CED

SYLVITE SOUTHEAST, LLC n/k/a
SYLVITE, LLC, a Florida Limited
Liability Company.,

    Defendant.
_____/

**PLAINTIFF, URALKALI TRADING, S.A.'S MOTION FOR
MANDATORY ABSTENTION; PERMISSIVE ABSTENTION;
<u>OR IN THE ALTERNATIVE, MOTION FOR REMAND</u>**[1]

COMES NOW the Plaintiff, URALKALI TRADING, S.A. (hereinafter "Movant"), by and through its undersigned attorney, pursuant to 28 U.S.C. §1334( c), 1452(b), 11 U.S.C. §305(a)(1) and Rules 5011 and 9027(d), Federal Rules of Bankruptcy Procedure, and hereby moves the Court to abstain from hearing this adversary proceeding and to remand this action to the Circuit Court in and for Polk County, Florida and as grounds, therefore, states as follows:

1. SYLVITE SOUTHEAST , LTD. (hereinafter the "Debtor") is a Chapter 7 Debtor, having filed a voluntary petition in this Court on December 1, 2011 (hereinafter the "Bankruptcy Case").

---

[1] Uralkali Trading, S.A. hereby makes a limited appearance for the sole reason to file the Motion and does not otherwise submit to the jurisdiction of this Court.

2. Prior to the filing of the Bankruptcy Case, the Movant sued the Debtor in the Circuit Court in and for Polk County, Florida (hereinafter "State Court") for damages for breach of contract. After significant litigation the State Court entered a Summary Final Judgment in favor of Movant against the Debtor in the amount of $2,727,601.16 on September 19, 2011(hereinafter "Final Judgment"). A copy of the Final Judgment is attached to the Notice of Removal filed herein (A. Doc. No. 1) as part of Exhibit "B" thereto.

3. Subsequent to the entry of the Final Judgment, on September 21, 2011 the Movant filed a Motion for Proceedings Supplementary and Impleader in the State Court in which Movant sought to file an impleader complaint against Sylvite Southeast, LLC, n/k/a Sylvite, LLC (hereinafter "Sylvite"). The grounds of the impleader complaint was that Sylvite was the "alter ego or mere instrumentality of " the Debtor; Sylvite was "a mere continuation of the business of" the Debtor; or an assertion that the "corporate veil" of Sylvite should be pierced for the benefit of Movant. A copy of the Motion for Proceedings Supplementary and Impleader as well as the Impleader Complaint are attached to the Notice of Removal as Exhibit "C" (A. Doc. No. 1).

4. Thereafter, Movant filed a separate action against Sylvite in the State Court on February 14, 2012 seeking relief against Sylvite on the same basis as the Impleader Complaint described above. This is the action which Sylvite has sought to remove to this Court (A. Doc. No. 2).

5. Thereafter, SYLVITE filed its Notice of Removal and this matter was referred to this Court by District Court.

6. The schedules filed by the Debtor in the main bankruptcy case (Doc. No. 6) reflect that there are only two creditors, the Movant and Sylvite.

7. This Court set the deadline for the filing of claims in this cause as April 4, 2012 (Doc. No. 2). There were two claims filed by the claims bar date, to wit:

   a. Internal Revenue Service filed a split claim in the amount of $3,446.15 with the priority portion being $1,286.15, and the unsecured portion being $2,160.00.

   b. Movant filed a general unsecured claim of $2,759,883.80.

8. This action is in essence a two party action between the Movant and Sylvite which does not need this Court's involvement. Movant is willing to pay the claim of the Internal Revenue Service in full plus whatever minimal costs of administration may be involved.

9. This action is a non-core matter and need not be tried solely in this Court. The claims involved are solely state law claims.

10. A State Court proceeding was pending when this bankruptcy case was filed and could be adjudicated in a timely manner.

11. The Movant believes that the elements of mandatory abstention found in 28 U.S.C. § 1334( c)(2) are all present in this case. That is the case involving the impleader of Sylvite was commenced before the filing of this bankruptcy case and there was no basis for federal court jurisdiction other than 28 U.S.C. § 1334(b). This case is a non-core proceeding in that it is related to a Title 11 case, but neither arose under Title 11 nor in a case under Title 11.

12. In the alternative, in the interests of justice and comity with the State Court, as well as respect for state court procedures and law, this Court could and should exercise its discretion and abstain from hearing this matter pursuant to 28 U.S.C. § 1334( c)(1). The factors this Court should consider when making this determination are:

    a.    The effect remand would have on the efficient and economic administration of the bankruptcy estate;

    b.    Efficient uses of judicial resources;

    c.    The nature of the claim or claims and the extent to which issues of state law predominate;

    d.    The existence of prejudice to unremoved parties;

    e.    Comity considerations;

    f.    Whether remand lessens the possibility of inconsistent results;

    g.    The degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

    h.    The presence of non-debtor parties;

    I.    The existence of the right to a jury trial;

    j.    The burden of the bankruptcy court's docket;

    k.    The prejudice to involuntarily removed parties; and

    l.    The plaintiff's choice of forum.

See *In re Grace Community, Inc., 262 B.R. 625, 629 n. 6 (Bkrtcy, E.D. Pa. 2001); In re Hotel Mt. Lassen, Inc., 207 B.R. 935, 942 (Bkrtcy, E.D. Cal. 1997); In re Black & White Cab Co., Inc., 202 B.R. 977, 978-79 (Bkrtcy, E.D. Ark. 1996); In re S. Technical Coll., Inc., 144 B.R. 421, 422 (Bkrtcy, E.D. Ark. 1992); Drexel Burnham Lambert Group v. Vigilant Ins. Co., 130 B.R. 405, 407 (S.D.N.Y. 1991).* Movant believes that applying the above factors to this case weighs in favor of exercising discretionary or permissive abstention.

WHEREFORE, the Movant moves the Court to enter an Order,

    a.    finding that the elements of mandatory abstention exist pursuant to 28 U.S.C. §1334 ( c)(1); or

    b.    finding that if the basis for mandatory abstention does not exist that the Court will exercise its discretion and abstain from hearing this case pursuant to 28 U.S.C. § 1334 ( c)(1); and

    c.    remanding this case to the Polk County State Court for final resolution; or

    d.    such other relief as may be appropriate under the circumstances.

    THE GUARD LAW GROUP, PLLC

/s/ Pierce J. Guard, Jr.
PIERCE J. GUARD, JR., ESQ.
4200 South Florida Avenue
Lakeland, FL 33813
(863)619-7331
Florida Bar No. 162388
Attorney for Movant

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished electronically through the Court's CM/ECF System or by regular U.S. Mail to Allan C. Watkins, Esquire, 707 N. Franklin Street, Suite 750, Tampa, FL 33602; Robert E. Johnson, Esquire, Gray Robinson, P.A., Post Office Box 3324, Tampa, FL 33601; Thomas C. Saunders, Esquire, Saunders Law Group, Post Office Box 1279, Bartow, FL 33831 and Carolyn R. Chaney, Chapter 7 Trustee, Post Office Box 530248, St. Petersburg, FL 33747 this 20th day of April, 2012.

/s/ Pierce J. Guard, Jr.
PIERCE J. GUARD, JR., ESQUIRE